FILED

2010 Jun-04  AM 08:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SUN LIFE ASSURANCE COMPANY OF CANADA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:10-CV-488-RDP** |
| | } | |
| **ELIZABETH W. MCELROY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

### MEMORANDUM OPINION

This matter is before the court on (1) Plaintiff Sun Life Assurance Company of Canada's ("Sun Life") Motion for Discharge of Further Liability and Dismissal with Prejudice (Doc. # 23), and (2) Sun Life Assurance Company of Canada's Motion for Award of Attorneys' Fees and Costs (Doc. # 24), both filed May 28, 2010.

First, as to Plaintiff Sun Life Assurance Company of Canada's Motion for Discharge of Further Liability and Dismissal with Prejudice (Doc. # 23), the court notes that not only does Sun Life seek to be discharged from further liability under the subject insurance policy, it also asks that the court enjoin the claimants from bringing any other claims against it related to the policy. Having deposited the policy proceeds into the court, Sun Life's request to be discharged from this action is due to be granted.

Interestingly, the other requests made by Sun Life in its motions, *i.e.*, for an injunction and for an award attorneys' fees and costs, appear to be virtually identical to those made by American General Life Insurance Company in *American General Life Ins. Co. v. Jones*, 2008 WL 4949847

(S.D. Ala. 2008).[1]   In *Jones*, the Honorable William H. Steele of the Southern District of Alabama granted American General's request to be discharged from further liability, but denied its request for an injunction and its request for attorneys fees and costs.  2008 WL 4949847 at *1-3.  American General, like Sun Life here, requested that the court issue an injunction under 28 U.S.C. § 2361, 28 U.S.C. § 2283, and 28 U.S.C. § 1651.  (*See* Doc. # 23 at 6; *Jones,* 2008 WL 4949847 at *2).

Sun Life's request that the court enjoin the claimants pursuant to 28 U.S.C. § 2361 from bringing other claims against it concerning the subject life insurance policy, like American General's request, is due to be denied.  The request overlooks the distinction between statutory interpleader and rule interpleader. This is a rule interpleader action.  (Doc. # 24 at 1).  "It is black-letter law that § 2361 is not available in the rule interpleader context, but is confined to statutory interpleader proceedings."  *Jones*, 2008 WL 4949847 at *2 (citing *Boston Old Colony Ins. Co. v. Balbin*, 591 F.2d 1040, 1042 n.5 (5th Cir. 1979)).

As to Sun Life's request for an injunction under  28 U.S.C. § 2283, "[e]ven assuming that a § 2283 injunction might be appropriate in certain rule interpleader scenarios, the [c]ourt is unable to discern why that would be so here. By its terms, the Anti-Injunction Act allows for a federal court to enjoin state-court proceedings 'where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' 28 U.S.C. § 2283. But there are no state court proceedings pending here, ..." *Jones*, 2008 WL 4949847 at *2, n.4. Judge Steele further reasoned that, even if the authority for the requested injunction existed under that statute, the *res judicata* or collateral estoppel effect of any

---

[1] Sun Life's counsel should be familiar with this case because Plaintiff American General Life Insurance Company was represented by the same firm representing Plaintiff Sun Life in this action. Although it is not a requirement to bring non-binding contrary authority to the court's attention, it is certainly a good practice to at least acknowledge that authority.

ruling in this action would be equally as effective as an injunction. *Id.* "The same analysis defeats [Sun Life's] perfunctory citation of the All-Writs Act, 28 U.S.C. § 1651, as another alternative basis for entry of injunction." *Id.* The court agrees with Judge Steele's analysis. Therefore, Sun Life's request for an injunction is due to be denied.

As to Sun Life's request for attorneys fees and costs, the court is somewhat puzzled by counsel's failure to even acknowledge *In re Mandalay Shores Co-op. Housing Ass'n, Inc.*, 21 F.3d 380 (11th Cir.1994) and its progeny. *Mandalay Shores* is not only binding authority, but also was the basis for Judge Steele's denial of American General's request for attorneys fees and costs in *Jones*. *Jones*, 2008 WL 4949847 at *3.

Admittedly, the general rule is that a disinterested stakeholder initiating a necessary interpleader action is entitled to attorneys fees and costs. *Prudential Ins. Co. of America v. Boyd,* 781 F.2d 1494, 1497 (11th Cir. 1986). However, in *Mandalay Shores* the Eleventh Circuit recognized an exception to the general rule which is applicable here. *Mandalay Shores*, 21 F.3d at 383. In *Mandalay Shores*, the Eleventh Circuit held that "attorneys' fees are not warranted ... when a stakeholder's interpleader claim arises out of the normal course of business." *Id.* at 383. Although *Mandalay Shores* involved a bank initiating the interpleader action, "the Eleventh Circuit explained the rationale for this exception in the following terms: '[A]n insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds - disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers.'" *Jones*, 2008 WL 4949847 at *3, n.5 (quoting *Mandalay Shores*, 21 F.3d at 383).

Sun Life argues that it is entitled to an award of fees because it should be "viewed as having performed a service to the claimants ... ."  The court agrees that Sun Life has performed a service to the claimants, one it has already been paid premiums to perform, and one that it should plan for in the regular course of its business.  The denial of Sun Life's request to be paid attorneys fees and costs out of the policy proceeds is not only compelled by Eleventh Circuit precedent, it is preferable to reducing the face amount of the policy at issue to the detriment of the claimants.  Disputed claims to policy proceeds are a part of the regular course of business for insurers.  Therefore, pursuant to *Mandalay Shores*, Sun Life's request for attorneys fees and costs (Doc. # 24) is due to be denied.

A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this _____3rd_____ day of June, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE